# City of Dothan *v.* Horseman.

### Damage for Change of Grade.

(Decided November 16, 1916.   73 South. 38.)

1. **Municipal Corporation; Street Improvement; Damages; Complaint.**— Where the action was against the city by the property owner to recover damages for injury to his property consequent upon the improvement of the street, a complaint setting forth complainant's ownership in the property and the damages thereto, but containing no allegation that the injury was done, caused or allowed by defendant corporation in its corporate capacity, or by any officer, agent or servant for whose acts the defendant is responsible, stated no cause of action.

2. **Same.**—Where a count evidently intended to state a cause of action in trespass quare clausum fregit, but failed to allege in what the trespass consisted, whether in merely going upon or across the land without right or license, or in taking timbers, stone, earth, or other materials therefrom, and showed no injury or damage whatever either to the person or the freehold, such count was defective.

3. **Same; Special Actual Damages; Evidence.**—Where no special actual damage was claimed, evidence thereof was not admissible.

4. **Trespass; Actual Damage; Complaint.**—A complaint in trespass not claiming special, actual damages will not support a verdict for such damages.

APPEAL from Houston Circuit Court.

Heard before Hon. H. A. PEARCE.

Action by S. Horseman against the city of Dothan for damage arising from improvements of the street and sidewalk abutting his property. Judgment for plaintiff and defendant appeals. Reversed and remanded.

Transferred from the Court of Appeals.

The first count claims the sum of $1,500 for damages to a certain lot therein described, and it is alleged that the sum claimed and sued for is for damages done to the foregoing described real estate in the following ways: Here follow various ways, but it is not alleged that the city did it, but only that the work was done in the fall and winter of 1913, and that Horseman claims and demands of the city of Dothan the sum of $1,500 as the owner of said real estate, and has suffered the injuries herein complained of. The second count claims of defendant the sum of $2,000 for trespass by defendant on the following real estate,

[City of Dothan v. Horseman.]

situated in the city of Dothan, describing the real estate, and alleging the trespass to have been committed on various dates between August and December, 1913, and that plaintiff was in possession of the land at the time of the acts complained of.

E. H. HILL, and E. S. THIGPEN, for appellant.  FARMER & FARMER, for appellee.

MAYFIELD, J.—The action is by an abutting owner to recover damages for injury to his property, consequent upon the improvement of the public street in front of the property.   The improvement consisted in both widening and grading the street. The evidence tended to show that a portion of the plaintiff's land was taken and another portion damaged in consequence of the taking.   If the pleading had been sufficient to present the issues, the record would present fewer difficulties.   The pleadings, however, were anomalous, and really presented no issues to support either the proof or the verdict.

(1) The complaint is wholly insufficient to support the verdict and judgment, though no demurrer was interposed thereto. The first count states no cause of action against the defendant corporation, or any other certain person or corporation.   It sets forth plaintiff's ownership of the property, and the damages thereto, but contains no allegation that the injury was done, caused, or suffered by the defendant corporation in its corporate capacity, or by any officer, agent, or servant for whose acts the defendant is responsible.

(2-4) The second count was evidently intended to state a cause of action as for trespass quare clausum fregit.  It is claimed by appellee to be substantially in Code form (form 26, p. 1199, vol. 2, Code) as for such action.   It was wholly defective, however, in failing to allege in what the trespass consisted, whether in merely going upon or across the land without right or license, or in taking timber, stone, earth, corpus, or other materials therefrom, and showed no injury or damages whatever, either to the person or to the freehold.   It is possible—though we do not so decide—that this count would support a verdict and judgment for nominal damages, but not for actual damages, such as were recovered in this case.   Certainly none of the evidence as to special actual damages was admissible under this count, because no such damages were claimed, and the complaint would not support such a verdict.

[City of Dothan v. Horseman.]

Suppose this verdict and judgment should be affirmed, and the plaintiff should thereafter sue to recover the special and actual damages to this property, under a proper complaint. The defendant could not defend by a plea of res judicata, because the record in this suit would show that no such damages were sought or recovered. As they were not claimed, and could not be recovered unless so claimed, the court, on the second trial, would have to presume that the second action was for a different wrong or trespass, and to recover damages different from those sued for in the first action. In other words, it would appear of record, which could not be disputed by parol proof, that the actions were for different trespasses. And if such a count as this will support a verdict and judgment for special actual damages, then any number of such verdicts and judgments may be had for one and the same trespass.

It is difficult to imagine or conjecture how it is possible for a municipal corporation, acting wholly and solely in its corporate capacity, to commit a trespass quare clasum fregit. We do not hold that it is impossible, but do not now see how there could be such a trespass by a municipal corporation. Such a corporation, of course, can act only by or through its officers, agents, servants, or other representatives, and in proper cases may be liable for the wrongful acts of such persons as its representatives; but no such facts are here alleged, or attempted to be alleged, as would make this corporation liable either in trespass or in case for the wrongful acts of any person. No facts are alleged, or attempted to be alleged, to show that the defendant, the city or town of Dothan, ever became liable by ratifying the wrongful act of its officers, agents, or servants, or that of other persons. In fact, the whole of the allegation, in this respect, is that a trespass was committed by the defendant upon the property of the plaintiff. Of what the trespass consisted, what the acts were which constituted it, who committed the acts, or what relation they had to the defendant, is not alleged or attempted to be alleged.

We do not hold that a municipal corporation cannot be liable in trespass quare clausum fregit, because not now necessary to be decided; but it is certain that no facts are alleged in this complaint which, if conceded to be true, would show any trespass by any one for whose acts the defendant is shown to be liable in actual and special damages, such as were recovered in this action.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.